**Electronically Filed
Intermediate Court of Appeals
CAAP-11-0001102
11-APR-2012
10:45 AM**

NO. CAAP-11-0001102

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

CRAIG GOMES, Claimant-Appellant v.
HAWAIIAN ELECTRIC COMPANY, INC, Employer-Appellee, Self-insured

APPEAL FROM LABOR AND INDUSTRIAL RELATIONS APPEALS BOARD
(CASE NO. AB 2010-181 (2-91-21757)(2-09-1099))

ORDER DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Foley, Presiding Judge, Fujise and Leonard, JJ.)

Upon review of record, it appears that we lack

jurisdiction over this appeal that Claimant/Appellant/Appellant

Craig Gomes (Appellant Gomes) has asserted from the following

twelve interlocutory orders that the Labor and Industrial

Relations Appeals Board (the LIRAB)[1] has entered in Case No. AB 2010-181:

> (1)   a September 28, 2011 "Order Denying Motion to Continue Medical Report Submission";
>
> (2)   a September 28, 2011 "Order Denying Motion to Amend Pretrial Order";
>
> (3)   a September 28, 2011 "Order Denying Motion to Compel";
>
> (4)   a September 28, 2011 "Order Denying Motion to Amend Pretrial Order";
>
> (5)   a September 28, 2011 "Order Denying Motion to Strike";
>
> (6)   a September 28, 2011 "Order Denying Motion to Amend Pretrial Order Item 1A";
>
> (7)   a September 28, 2011 "Order Granting Motion to Strike";
>
> (8)   a September 28, 2011 "Order Granting in Part Motion to Continue Trial";
>
> (9)   a September 28, 2011 "First Amended Pretrial Order";
>
> (10)  a October 25, 2011 "Order Granting Motion to Strike";
>
> (11)  a November 30, 2011 "Order Denying Request for Findings of Facts and Conclusions of Law"; and
>
> (12)  a November 30, 2011 "Order" denying Appellant Gomes's October 28, 2011 motion for reconsideration of the prior orders.

Pursuant to Hawaii Revised Statutes (HRS) § 386-88 (Supp. 2011) and HRS § 91-14(a) (1993 & Supp. 2011), an aggrieved party may appeal a final decision and order by the LIRAB directly to the intermediate court of appeals:

---

[1]   At relevant times, the Labor and Industrial Relations Appeals Board (the LIRAB) was composed of Chairperson Roland Q.F. Thom, Member Melanie S. Matsui, and Member David A. Pendleton.

> The appeal of a decision or order of the LIRAB is governed by HRS § 91-14(a), the statute authorizing appeals in administrative agency cases. HRS § 91-14(a) authorizes judicial review of a final decision and order in a contested case or a preliminary ruling of the nature that deferral of review pending entry of a subsequent final decision would deprive appellant of adequate relief. For purposes of HRS § 91-14(a), we have defined "final order" to mean an order ending the proceedings, leaving nothing further to be accomplished. . . . Consequently, an order is not final if the rights of a party involved remain undetermined or if the matter is retained for further action.

Bocalbos v. Kapiolani Medical Center for Women and Children, 89 Hawai'i 436, 439, 974 P.2d 1026, 1029 (1999) (citation and some internal quotation marks omitted). Appellant Gomes is appealing from twelve interlocutory orders that did <u>not</u> end the proceedings before the LIRAB and leave nothing further to be accomplished. According to the record on appeal, the LIRAB has yet to enter a final order that finally adjudicates the substantive issues in Appellant Gomes's appeal before the LIRAB, which is currently scheduled for a future trial on September 18, 2012. Therefore, the twelve interlocutory orders are not appealable final orders under HRS § 386-88 and HRS § 91-14(a). Although exceptions to the final order requirement exist under the Forgay v. Conrad, 47 U.S. 201 (1848), doctrine (the Forgay doctrine) and the collateral order doctrine, the twelve interlocutory orders do not satisfy all the requirements for appealability under the Forgay doctrine or the collateral order doctrine. See Ciesla v. Reddish, 78 Hawai'i 18, 20, 889 P.2d 702, 704 (1995) (regarding the two requirements for appealability under the Forgay doctrine); Abrams v. Cades, Schutte, Fleming & Wright, 88 Hawai'i 319, 322, 966 P.2d 631, 634 (1998) (regarding the three requirements for appealability under the collateral order

-3-

doctrine). Absent an appealable final decision and order by the LIRAB, we lack jurisdiction over this appeal.

Accordingly, IT IS HEREBY ORDERED that Appeal No. CAAP-11-0001102 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, April 11, 2012.


Presiding Judge


Associate Judge


Associate Judge